IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

    Plaintiff,

v.                                             Case No. 4:17-cv-202-WS-GRJ

FNU MAKER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a detainee at the Leon County Jail, initiated this case by filing ECF No. 1, a civil rights complaint under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed as a pauper. ECF No. 3. Although filed as a civil rights complaint, Plaintiff's allegations stem from his underlying prosecution and his efforts to attack his prosecution by way of habeas corpus and other state procedures. The named Defendants are judges on the Florida First District Court of Appeal. Plaintiff alleges that the Defendants have violated his constitutional rights in various ways by rejecting his habeas corpus claims. Plaintiff seeks injunctive and other relief. ECF No. 1. For the following reasons, the undersigned recommends that leave to proceed as a pauper be denied and this case dismissed pursuant to the 28 U.S.C.

§ 1915(g) three-strikes bar.

Initially, to the extent that Plaintiff seeks relief from his present confinement, Plaintiff's claims are not properly asserted by way of a civil rights complaint. "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff's claims implicate the fact or duration of his present detention by the state court, and therefore such claims go to the very heart of habeas corpus and are not properly raised in a civil rights complaint. To the extent that Plaintiff has a federal habeas corpus remedy, he must first exhaust all available state remedies with respect to his underlying prosecution. 28 U.S.C. § 2254(b).[1]

To the extent that Plaintiff seeks any other relief by way of a civil rights complaint, as a pretrial detainee Plaintiff is subject to the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"). *See* 28

---

[1]Plaintiff has an extensive history of filing meritless cases in this Court, both as a prisoner and as a non-prisoner. The Court recently recommended that Plaintiff be barred, as a non-prisoner, from filing further cases related to his January 4, 2002, arrest and subsequent conviction unless the filing is either accompanied by the full filing fee or upon prior judicial review and approval. *See Rolle v. Dilmore*, Case No. 4:16-cv-425-RH-GRJ. Because Plaintiff is a seasoned *pro se* litigator, the Court is confident that he intended to file the instant case as a civil rights case, and not as a federal habeas corpus case.

U.S.C. § 1915(h) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."). The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915 (the *in forma pauperis* statute):

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. *See Randall Lamont Rolle v. J.L. Edmondson*, Case No. 3:10-cv-1093-99MMH-JBT (M.D. Fla. 12/02/10) (dismissing civil rights complaint pursuant to the three strikes bar and recounting previous cases that qualified as strikes).

Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent

danger of serious physical injury." 28 U.S.C. § 1915(g).  The Complaint does not allege any facts suggesting that Plaintiff is in imminent danger of serious physical injury.  Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this civil-rights case as a pauper.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

It is therefore respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS**, at Gainesville, Florida, this 5th day of May 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**